# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        NO. 28,752

**MANUEL QUIROZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals his convictions for criminal penalty and attempt to commit criminal penalty in connection with his use of a debit card belonging to the victim.

We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm.

Defendant continues to argue that the district court erred when it allowed the State to begin playing for the jury a videotaped interview of Defendant. At the beginning of the trial, defense counsel asked that testimony of the victim and the police officer be confined to the incidents that occurred at Big Lots and McCoy's Lumber Yard. [MIO 5] The district court agreed that the testimony from the victim and the police officer must be confined to the transactions at Big Lots and McCoy's Lumber Yard. In other words, the motion in limine covered only the testimony by the officer and the victim.

The State entered into evidence a videotaped interview of Defendant in which he discussed all of the incidents involving the use of the victim's debit card. [MIO 3] After entering the videotape into evidence, the State began to play the videotape for the jury. Defense counsel objected, asked that the videotape be stopped, and asked for a bench conference. [MIO 4] As a result of the bench conference, defense counsel stipulated that Defendant admitted signing his actual name on the receipt from Big Lots, and "the rest of the video was not played to the jury." [MIO 4]

As discussed in our calendar notice, when the State entered the videotape into evidence, defense counsel made no objection. Although defense counsel had

successfully asked that the testimony from the officer and the victim be limited, he did not object to the admission of the videotape on which Defendant discussed all of the incidents. Once admitted, defense counsel did not ask the district court to prevent the jury from viewing the entire videotape, and he did not ask that portions of the videotape pertaining to motion in limine be redacted. Defense counsel's motion in limine did not include the contents of the videotape. Therefore, to the extent that Defendant argues on appeal that the district court erred in admitting the videotape into evidence or in allowing the State to begin to play the videotape for the jury, that argument was not properly preserved for appeal. *See State v. Hueglin*, 2000-NMCA-106, ¶ 20, 130 N.M. 54, 16 P.3d 1113 (holding that argument was not preserved by motion in limine that did not include specific ground of objection for argument made on appeal).

Moreover, after the videotape was started and stopped as a result of defense counsel's objection, defense counsel did not ask for a curative instruction or mistrial based on the portion of the videotaped the jury actually viewed. The district court did not commit error in this case. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 ("We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse.").

Defendant continues to claim that the district court erred in refusing to grant his

3

motion for directed verdict. *See State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge."). Defendant agrees with our definitions of the crimes for which he was convicted. [MIO 6-7] However, Defendant argues that he had permission from the victim to use the debit card as advance payment for his handyman services. [MIO 7] The victim did not deny having met Defendant, but did deny authorizing him to use her debit card. We view the evidence in the light most favorable to the jury's decision, and we resolve all conflicts in the evidence in favor of that decision. *See State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."). We hold that the district court did not err when it denied Defendant's motion for directed verdict.

Based on the discussion above and that in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**ROBERT E. ROBLES, Judge**